NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| AMANDA MILLER, | ) | |
| | ) | Supreme Court No. S-15796 |
| Appellant, | ) | |
| | ) | Superior Court No. 1KE-02-00488 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| CLAYTON HANCOCK, | ) | AND JUDGMENT* |
| | ) | |
| Appellee. | ) | No. 1565 – January 6, 2016 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, First Judicial District, Ketchikan, William B. Carey, Judge.

Appearances: Amanda Miller, pro se, Salem, Oregon, Appellant. No appearance by Appellee Clayton Hancock.

Before: Stowers, Chief Justice, Fabe, Winfree, Maassen, and Bolger, Justices.

## I. INTRODUCTION

In 2014 the Child Support Services Division (CSSD) filed a motion to establish a mother's child support obligation dating back to January 1, 2007. The superior court granted the motion and entered CSSD's proposed child support order. The mother appeals, claiming that this order is an impermissible retroactive modification of her child support obligation. She also argues that she overpaid her child support obligation for a one-year period due to a "clerical error" and requests a credit to her

---

\* Entered under Alaska Appellate Rule 214.

arrearage for the amount of her overpayment during that period. Because the support order in place from 2007 onward did not specify a numerical child support amount, we affirm the superior court's order establishing child support for this period. We further hold that the mother's claim for overpayment of child support is untimely because she failed to appeal the superior court's previous order on this claim, which was issued in 2006.

## II.    FACTS AND PROCEEDINGS

Amanda Miller and Clayton Hancock were married in 1997 and had two children together. Hancock filed for divorce in 2002, and the superior court granted the divorce in 2003. The superior court also entered an order that provided Miller and Hancock with shared physical custody and joint legal custody of the children and required Hancock to pay monthly child support. This order was modified in December 2003 to provide Hancock with primary physical custody of the children and to terminate his obligation to pay child support. This modified order also required Miller to begin paying child support to Hancock, but it did not specify a numerical amount. Instead, it simply stated that the obligation would "commence December 1, 2003 and [would] be in accordance with Alaska Civil Rule 90.3."[1]

In January 2004 Hancock submitted a letter to the court that stated: "On the matter of child support, [Miller] has paid, however I have never received anything official from the court stating the amount of child support she is supposed to pay." On the day the letter was distributed, Miller, acting without the assistance of counsel, filed a Child Support Guidelines Affidavit in which she calculated the amount of support she

---

[1]    Alaska Civil Rule 90.3 provides the formulas for calculating the amount of child support that an obligor owes. The proper formula depends on the type of custody arrangement. Alaska R. Civ. P. 90.3.

owed under Rule 90.3 to total $332 per month. Miller then paid approximately this amount in support from September 2005 through August 2006.

In 2006 Miller filed a child support modification motion, requesting that the court reduce her support obligation to comply with Rule 90.3(b). Miller also asked the court to reimburse her for the amount she had paid in excess of what she owed under Rule 90.3(b). In her motion Miller claimed she calculated her child support obligations under Rule 90.3(a), the formula for primary custody arrangements, based on the 2003 order that granted Hancock primary physical custody. She further claimed she was subsequently advised by counsel that she should have calculated the amount owed under Rule 90.3(b)(1), the formula for shared custody arrangements, rather than under 90.3(a). Based on the Rule 90.3(b)(1) formula, Miller calculated that she owed only $119.54 per month. She alleged that she had paid $341.20 per month since September 2005 for a total overpayment of $1,994.94.[2] In his opposition to the motion, Hancock disputed Miller's claims that they had shared physical custody of the children and asserted that he actually had primary physical custody of both children.

The superior court then entered a modified child support order that granted shared physical custody of the children to Hancock and Miller and modified Miller's support obligation to $119.54 per month effective July 10, 2006. The order contained a section entitled "[n]otice to both parties" that instructed Miller and Hancock to "ask the court to change this order right away" if either their current income or current custody arrangement "changes significantly." In addition, the order did not credit Miller for her alleged overpayment, effectively denying the request. Neither party appealed this order.

---

[2]     Miller continued to pay $341.20 per month through August 2006 and accordingly claimed in later filings an overpayment total of about $2,660.

In January 2007 Miller and Hancock filed an amended custody agreement, which the superior court approved, that gave Hancock primary physical custody of the children. This 2007 agreement appears to be largely copied from the original 2003 agreement. It includes, for example, the provision from the 2003 agreement that Miller's child support obligation would "commence December 1, 2003 and be in accordance with Alaska Civil Rule 90.3." The 2007 agreement did not mention the 2006 order that set child support at $119.54 per month, and it did not specify a new numerical amount for Miller's child support obligation. After filing the agreement, Miller largely continued to pay the $119.54 monthly amount set in the 2006 order but ultimately fell behind on her payments.

In May 2014 CSSD mailed a notice of a petition to modify the support order to both Miller and Hancock, requesting that they provide documentation of their income and finances. Hancock provided the requested financial information, but Miller did not respond to the request. CSSD later called Miller and left a voicemail asking that she call CSSD to discuss her income information. There is no indication in the record that she returned this call.

In September 2014 CSSD filed a motion to establish a new child support amount for Miller effective January 1, 2007. CSSD stated that it initiated a review to establish a child support amount for this period because the 2007 amended custody agreement did not contain any numerical amount. CSSD argued that because the 2007 agreement contained no numerical amount, its proposed January 1, 2007 effective date for the new support order would not constitute a retroactive modification. CSSD further asserted that the December 1, 2003 effective date for Miller's child support obligation contained in the 2007 agreement was a "clerical error" for two reasons: "First, it was carried forward from the original Custody Agreement of December 2003. Second, in 2006, the Court entered a support order based on shared custody that ordered Ms. Miller

to pay . . . a total monthly support amount of $119.54 effective July 10, 2006." Thus CSSD argued that the effective date for modification of Miller's support could not be retroactive to December 2003 but that it could be effective January 2007, because the 2007 agreement "did not state a numerical child support amount." Along with its motion, CSSD proposed numerical support amounts for each year from 2007 through the present based on the Rule 90.3 formula.

With no opposition from Miller, the court entered CSSD's proposed child support order that modified the July 2006 support order. The new order established Miller's child support obligation from 2007 through the present per CSSD's calculations. For 2007 it set support at $80 per month based on Miller's employer-reported wages. For 2008 through 2011 the order set child support at $369 per month based on income imputed to Miller because she had provided no income documentation for that period. For 2012 through the present the order set support at $525 per month based on Miller's tax returns and pay stubs.

After the court entered this child support order, Miller filed an opposition to CSSD's motion, citing a delay in service as the reason for the late response. In the opposition, Miller made two primary claims. First, Miller claimed that she overpaid her child support obligation for a one-year period due to a "clerical mistake." She alleged that "due to [that] clerical mistake" she had overpaid her obligation by $2,664 and requested that this amount be credited to her arrears. Miller further requested that the court grant her a 75% reduction in her obligation as visitation credit,[3] totaling $7,044.75,

---

[3] Civil Rule 90.3 allows a superior court to reduce the child support obligation of a parent who does not have primary physical custody by up to 75% "for any period in which the obligor parent has extended visitation of over 27 consecutive days." Alaska R. Civ. P. 90.3(a)(3).

for the three months that the children resided with her each summer from 2007 through 2014.

Second, Miller argued that the 2006[4] order set support at $119.54 per month and thus CSSD's proposed child support order would impermissibly modify her support obligation retroactively. Miller also disagreed with CSSD's characterization of the 2006 order as a custody modification order. She contended that this order modified only support, not custody, and "merely corrected an error that caused [Miller] to overpay her obligation for a year." The court accepted this late-filed opposition as a motion for reconsideration.

In its response to Miller's motion for reconsideration, CSSD stated that it was not opposed to granting Miller $7,044.75 in visitation credit for 2007 through 2014. CSSD also explained that it was not aware that a clerical mistake was made in the July 2006 order and that it did not object to granting Miller a credit for overpayment "[i]f the [c]ourt agrees that a clerical error was made."

In December 2014 the superior court issued an order finding that Miller had exercised her extended summer visitation from 2007 through 2014, warranting a 75% reduction in the amount owed for those periods. The court accordingly ordered a credit of $7,044.75 against Miller's arrears. The court did not mention Miller's request for a $2,664 overpayment credit, and it did not credit this amount to Miller's arrears. The court also did not vacate its September 2014 child support modification order, which set Miller's child support obligation effective January 1, 2007.

Miller filed a pro se appeal of this child support modification order and the visitation credit order. Hancock has not filed a responsive brief.

---

[4] Miller wrote "7/26/07" in her opposition motion, but we will assume this is an error because there is no order in the record on that date.

## III.   STANDARD OF REVIEW

We "review a modification of child support for abuse of discretion."[5]  A trial court abuses its discretion when its decision is "manifestly unreasonable."[6] "Whether an appeal is timely is a question of law" to which we apply our independent judgment, "adopting the rule of law that is most persuasive in light of precedent, reason, and policy."[7]

## IV.   DISCUSSION

### A.   The Superior Court Did Not Retroactively Modify Miller's Support Obligation.

Modification of a final child support award is allowed under Alaska Civil Rule 90.3(h) "upon a showing of a material change of circumstances."[8]  The rule prohibits retroactive modification of child support; modifications of existing support orders can only apply prospectively.[9]  This prohibition applies to both increases and decreases in child support.[10]

Miller argues that the September 2014 superior court order impermissibly modified her child support obligation retroactively.  We understand her argument to be

---

**5**     *Childs v. Childs*, 310 P.3d 955, 958 (Alaska 2013) (citing *Swaney v. Granger*, 297 P.3d 132, 136 (Alaska 2013)).

**6**     *Fernandez v. Fernandez*, 358 P.3d 562, 565 (Alaska 2015) (quoting *Ranes & Shine, LLC v. MacDonald Miller Alaska, Inc.*, 355 P.3d 503, 508 (Alaska 2015)).

**7**     *Griswold v. City of Homer*, 252 P.3d 1020, 1025 (Alaska 2011).

**8**     Alaska R. Civ. P. 90.3(h)(1).

**9**     Alaska R. Civ. P. 90.3(h)(2).  The general prohibition on retroactive modification of child support has one exception, disestablishment of paternity, which does not apply here.  *Id*. (citing AS 25.27.166(d)).

**10**     *Boone v. Gipson*, 920 P.2d 746, 749 (Alaska 1996).

threefold: the July 2006 order provided for shared physical custody and set Miller's monthly child support obligation at $119.54; the January 2007 amended custody agreement altered only custody and left this $119.54 support amount unaltered; and as such the September 2014 order establishing Miller's child support obligation from 2007 through the present was a retroactive modification.

But Miller's argument omits a key detail: the 2006 order, in addition to setting Miller's child support obligation at $119.54 per month, provided for *shared* physical custody. The 2007 order then changed this custody arrangement, granting Hancock *primary* physical custody, but did not explicitly state a new numerical support obligation for Miller.

This omission is crucial because the proper formula for calculating child support differs based on the type of custody arrangement. Rule 90.3(a) applies to child support calculations when one parent is awarded "primary physical custody."[11] Rule 90.3(b) applies when parents are awarded "shared physical custody."[12] And Rule 90.3(c) restricts when a court may vary child support awards from these rules; it may do so only "for good cause upon proof by clear and convincing evidence that manifest injustice would result if the support award were not varied."[13] This narrow exception implies that the formulas in Rule 90.3 must be followed absent such good cause.

In addition, we have emphasized that ascertaining the type of custody arrangement is essential for determining the correct formula for calculating child

---

[11]   Alaska R. Civ. P. 90.3(a).

[12]   Alaska R. Civ. P. 90.3(b).

[13]   Alaska R. Civ. P. 90.3(c)(1).

support.[14]  The commentary to Rule 90.3 confirms this, providing that "[i]f the obligor parent does not actually exercise sufficient physical custody to qualify for the shared custody calculation in [Rule 90.3(b)] . . . then [Rule 90.3](a)(2) . . . will apply to the child support calculation."[15]  "The fact that the parties . . . agree on an amount of support is not reason in itself to vary the guidelines."[16]  The child custody arrangement and the child support calculations thus go hand in hand — if the former changes from shared custody to primary custody, then the latter must change accordingly, using the appropriate Rule 90.3 formula.[17]

---

[14]    *See Turinsky v. Long*, 910 P.2d 590, 595 (Alaska 1996).  As we explained in *Turinsky*:

> To determine whether the trial court applied the correct rule and correctly calculated child support, it is necessary to determine the terms of the orders governing custody and visitation at relevant times. . . .
>
> Using Rule 90.3(a) to calculate support for this entire period would be appropriate only if [the obligee] had . . . primary custody . . . during the entire period. . . . If the custody status of . . . the children changed for an interim period, the [child support] analysis for that period also should have changed.

*Id.*

[15]    Alaska R. Civ. P. 90.3 cmt. V.C.

[16]    Alaska R. Civ. P. 90.3 cmt. VI.B.1.  Even if parties wish to decouple child custody and child support, they are not permitted to do so.  *See Cox v. Cox*, 776 P.2d 1045, 1048 (Alaska 1989) ("Parents may not make a child support agreement which is not subject to [Rule 90.3].").

[17]    *See Morino v. Swayman*, 970 P.2d 426, 429 (Alaska 1999) ("Child support amounts and the number of visitation days allotted to the non-custodial parent are interdependent under Civil Rule 90.3(a) and (b).").

This necessary change did not happen in Miller's case. The order approving the 2007 agreement, which newly granted Hancock primary physical custody, did not specify a new support amount under Rule 90.3(a). But the agreement *did* indicate that child support would be recalculated according to Rule 90.3, thereby implying that the parties intended for child support to be calculated under the Rule 90.3 formula for the custody arrangement provided for in the agreement: primary physical custody. Although the precise amount as calculated under Rule 90.3's schedule was not actually determined at the time of that order, the order's wording provided clear notice to Miller that her child support obligation would be recalculated in accordance with the change in custody arrangement.

Because the 2007 order changed the custody arrangement from shared physical custody to Hancock having primary physical custody, but did not specify a new support amount, the 2014 order establishing a numerical support amount for this period is not an impermissible retroactive modification.

**B. Miller's Appeal Of The Superior Court's Failure To Credit Her Arrears Based On Alleged Overpayment Is Not Timely.**

Miller claims that she "overpa[id]" her child support obligation by $2,660 between September 2005 and August 2006 "due to clerical error." Miller states that she brought this fact to the superior court's attention twice, citing an affidavit filed in 2006 and an exhibit accompanying her opposition to CSSD's motion to modify child support, but was not given the credit that she requested. She now requests a credit for this overpayment plus interest.

At one point Miller may have been entitled to a credit for this alleged overpayment, but this claim is not properly before us now. In 2006 Miller first submitted a motion requesting that the superior court modify her support obligation effective December 2003 and issue a credit for this alleged overpayment. In that 2006 motion,

Miller made many of the same arguments that she makes here. The superior court fully resolved Miller's 2006 motion when it issued an order reducing Miller's monthly child support obligation to $119.54 from July 10, 2006, onward. Because the superior court's order did not acknowledge Miller's request to modify her child support obligation retroactively to December 2003 or her request for an overpayment credit, the superior court effectively denied both claims. This 2006 superior court order constituted a final judgment for the purposes of appeal.[18] But Miller never appealed that order, so her attempt to resurrect these claims is now untimely.[19]

## V.    CONCLUSION

We AFFIRM both the superior court's September 19, 2014 child support modification order and the December 4, 2014 order on visitation credit.

---

[18]    *See* Alaska R. App. P. 202(a) ("An appeal may be taken to the supreme court from a final judgment entered by the superior court . . . ."); *Wagner v. Wagner*, 205 P.3d 306, 309 (Alaska 2009) ("We have defined 'final judgment' as one that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " (quoting *Greater Anchorage Area Borough v. City of Anchorage*, 504 P.2d 1027, 1030 (Alaska 1972)) *overruled on other grounds by City & Borough of Juneau v. Thibodeau*, 595 P.2d 626 (Alaska 1979)).

[19]    *See* Alaska R. App. P. 204(a)(1) (requiring a notice of appeal from a superior court judgment to be filed within 30 days with limited exceptions that are inapplicable here).